IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


DAROLD BARKER                                                      PLAINTIFF

vs.                                    Civil No. 2:11-cv-02009

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Darold Barker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.  The

parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings

in this case, including conducting the trial, ordering the entry of a final judgment, and conducting

all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this

memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for SSI on August 7, 2008.  (Tr. 10, 103-105).

Plaintiff alleged he was disabled due to hypertension, seizures, kidney failure and back pain.  (Tr.

121).  Plaintiff alleged an onset date of March 10, 2008. (Tr. 121).  This application was denied

initially and again upon reconsideration.  (Tr. 55-57, 60-61).  Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

administrative hearing on his application, and this hearing request was granted.  (Tr. 64-66).

Plaintiff's administrative hearing was held on November 16, 2009, in Fort Smith, Arkansas. (Tr. 21-46).  Plaintiff was present and was represented by counsel, Matthew Ketcham, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") John Massey, testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education.  (Tr. 27).

On February 22, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 10-17).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 7, 2008.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had the severe impairment of acute renal failure, resolved, hypertension, and diabetes mellitus.  (Tr. 12, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr.16, Finding 5).  The ALJ determined Plaintiff was unable to perform his PRW.  *Id.*  The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 9).  The ALJ based this finding upon the testimony of the VE.  *Id.*  Specifically, the VE testified in response to interrogatories from the ALJ that a hypothetical individual with

Plaintiff's limitations retained the ability to perform work as a fast food worker with 2,700 such jobs in Arkansas and 1,944,000 in the national economy, a cashier with 17,000 such jobs in Arkansas and 1,797,000 in the national economy, and assembler with 1,500 such jobs in Arkansas and 85,400 in the national economy.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from April 7, 2008 through the date of his decision.  (Tr. 17, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision. (Tr. 1-3).  On January 13, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 7, 2011.  ECF No. 8.  Both Parties have filed appeal briefs.  ECF Nos. 12, 13.  This case is now ready for decision.

## 2. <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

3

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12 at 9-14. Specifically, Plaintiff claims the ALJ erred (1) in his findings of severe impairments, (2) in failing to develop the record as to his RFC and, (3) in evaluating his subjective complaints. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

### A.  Finding of Severe Impairments

Plaintiff argues the ALJ erred as it relates to his findings of severe impairments. ECF 12, Pgs. 9-10. The ALJ determined Plaintiff had the severe impairment of acute renal failure, resolved, hypertension, and diabetes mellitus. (Tr. 12, Finding 2). The Plaintiff argues the ALJ erred by finding his chronic law back pain was non-severe when the medical records showed complaints and treatment for low back pain. (Tr. 39, 380-381).

In determining whether a claimant's impairment or impairments are of such severity that such impairment or impairments could be the basis of eligibility for benefits, the Commissioner will consider the combined effect of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of such sufficient severity. *See* 20 C.F.R. § 416.923. If a medically severe combination of impairments is found, the combined impact of the impairments will be considered throughout the disability determination process. *Id.* Furthermore, in assessing RFC, the Commissioner will consider all of a claimant's impairments, including the claimant's non-severe impairments. *See* 20 C.F.R. § 416.945(a)(2).

In this matter, The ALJ found Plaintiff's back problems and seizures were non-severe impairments. (Tr. 12-13). In making this finding, the ALJ noted that Plaintiff's medical records

5

from the Good Samaritan Clinic showed Plaintiff's low-back pain was treated conservatively with only over-the-counter Tylenol. (Tr. 13, 161). The ALJ also noted medical records showed Plaintiff had only mild degenerative changes without compression fractures, and had normal strength in all extremities, except his left arm. (Tr. 13-14, 136, 202, 238, 341, 384). As a result, the ALJ found the medical evidence did not support Plaintiff's alleged limitations due to low-back pain.

Plaintiff alleges records from Good Samaritan Clinic show Plaintiff had a severe impairment due to low back pain. ECF 12, Pg. 9. The records, dated May 27, 2008 and July 6, 2008, show Plaintiff was treated on follow-up regarding kidney problems and diabetes mellitus, at which time he also complained of back pain. (Tr. 380-381). The physician conducted a physical examination and noted Plaintiff's musculoskeletal examination was normal, and assessed Plaintiff with diabetes mellitus, stable hypertension, and alcohol and cocaine abuse. (Tr. 380-381). Also, according to Plaintiff, he has only taken over-the-counter Tylenol for his back pain. (Tr. 39).

The medical record does not show that Plaintiff's physicians prescribed any pain medication or recommended any treatment for Plaintiff's low-back pain. It appears Plaintiff's low-back pain was effectively controlled with conservative treatment with the use of over-the-counter Tylenol. *See Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir. 1996) (conditions controlled with medications are not medically severe). As a result, substantial evidence supports the ALJ's finding that Plaintiff's low back pain was a non-severe impairment.

### B. Development of the Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v.*

*Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).  In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure.  *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision.  *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Plaintiff also alleges that the ALJ committed error because he did not discuss all his alleged limitations.  ECF No. 12, Pg. 12.  However, as is discussed below, the ALJ discounted Plaintiff's credibility, which included discounting Plaintiff's subjective walking limitations and alleged need for unscheduled breaks due to frequent urination.  (Tr. 15).  The ALJ also found Plaintiff never complained to his physicians that he had a frequent urination problem, and his physicians never addressed any problems regarding Plaintiff's alleged frequent urination.  *Id.*  The record as a whole does not support Plaintiff's alleged walking limitations and need for unscheduled breaks due to frequent urination.

7

Under the facts in the present case, this Court also finds the ALJ properly considered Plaintiff's impairments in combination. *See Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir. 1992). The Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. In the present action, in reviewing Plaintiff's claimed impairments, the ALJ found Plaintiff did not have an impairment or combination of impairments, that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr.13, Finding 3).

The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform light work. (Tr. 13, Finding 4). The ALJ went on to state Plaintiff's RFC would not preclude him from performing other work that exists in significant numbers in the national economy. (Tr. 16, Finding 9). These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter and properly considered Plaintiff's impairments in combination. Further, Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his

8

burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Credibility Determination

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints as required by *Polaski*.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from 20 C.F.R. § 416.929 and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 13-16).  Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not that limited, (3) No physician has placed a level of limitation as described by Plaintiff, (4) Plaintiff's over-the-counter medication has been effective in controlling his symptoms with no side effects, and (5) Evidence shows Plaintiff stopped working even before his alleged onset date.  (Tr. 13-16).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

10

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

11